UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| DANIEL SIMS,                )<br>                             )<br>         Plaintiff,          )<br>                             )<br>     vs.                     )<br>                             )<br>CITY OF HENDERSON et al.,    )<br>                             )<br>         Defendants.         )<br>                             ) | Case No.: 2:09-cv-01995-GMN-LRL<br><br>ORDER |

This case arises out of injuries Plaintiff's wife sustained while in Defendants' custody and her eventual suicide after release. The Court has granted judgment on the pleadings to all Defendants but Prison Health Services ("PHS") on all causes of action except the constitutional claims under 42 U.S.C. § 1983. (*See* Order, June 9, 2010, ECF No. 41). Before the Court is PHS's Motion to Dismiss (ECF No. 29). For the following reasons, the Court grants the motion.

I.   FACTS AND PROCEDURAL HISTORY

Decedent Ann Sims was arrested and subsequently detained at the Henderson City Jail on or about December 5, 2008. (Compl. ¶ 11, ECF No. 1). Plaintiff Dr. Daniel Sims alleges that Defendants ignored Ann's medical needs in light of her known and obvious mental illness, which resulted in injuries on December 6, 2008 when Ann fell from the top bunk to which Defendants had assigned her. (*Id.* ¶¶ 12–15). Ann was taken to a hospital for emergency treatment that day, and she died from opiate intoxication in her home on December 23, 2008. (*Id.*

¶¶ 16–18; Resp. Mot. J. Pldgs. 3, ECF No. 17). Plaintiff does not specify the type of opiate or allege that any Defendant administered it, but alleges in the opposition to the present motion that "the entire jail incident drove her into a suicidal depression." (Resp. Mot. J. Pldgs. 3:14). The coroner's report states the cause of death as "opiate intoxication" and the manner of death as "suicide." (*See* Coroner's Report 1, ECF No. 11 Ex. A).

Plaintiff sued Defendants City of Henderson d/b/a Henderson City Jail ("Henderson"); Police Chief Richard Perkins; and "Doe" police officers, correctional officers, and correctional care entities in this Court, individually and as special administrator of Ann's estate, on five causes of action: (1) Fourth and Fourteenth Amendment Violations under 42 U.S.C. § 1983; (2) Wrongful Death/Survival; (3) Negligence; (4) Negligent Hiring, Retention, Training, and Supervision; and (5) Violation of the Americans with Disabilities Act. The First Amended Complaint (ECF No. 19) ("FAC") is not different in substance from the Complaint but adds PHS as a Defendant. Since the present motion was filed, the Court has granted judgment on the pleadings to all Defendants but PHS as against all causes of action except the first.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. ANALYSIS

The Court grants the motion to dismiss as against the state law causes of action for the same reasons it granted judgment on the pleadings to the other Defendants in this case: discretionary immunity. *See* Nev. Rev. Stat. § 41.032; Order, June 9, 2010, ECF No. 41.  This leaves the claims for constitutional violations under 42 U.S.C. § 1983.

"A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action." *Tatum v. City & Cnty. of S.F.*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) (citations omitted).  In Nevada, the official representatives of an individual's estate, such as Plaintiff, may bring a survival action. *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369–70 (9th Cir. 1998) (citing Nev. Rev. Stat. § 41.100(3)).  Therefore, the § 1983 claims survive, and Plaintiff can pursue them.

To establish a § 1983 claim, a plaintiff must prove: (1) that a defendant acted under color of state law; and (2) the conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States. *See Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).  Section 1983 is not itself a source of substantive rights, but a jurisdictional vehicle for vindicating federal rights elsewhere conferred. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2008) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))).

Individuals in their private capacities (but not municipalities or individuals in their official capacities) enjoy qualified immunity against claims of constitutional violations where the right alleged to have been violated was not clearly established at the time of the alleged violation. *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1482 (9th Cir. 1993) (citing *Owen v. City of Independence*, 445 U.S. 662, 638 (1980)).  Under *Saucier v. Katz*, a district court uses a two step procedure to determine whether an official is entitled to qualified immunity: (1) the

court asks whether there has been a constitutional violation; and (2) if so, the court asks whether the state of the law at the time of the alleged violation was clear such that a reasonable person in the defendant's position should have known his actions violated the plaintiff's rights. 533 U.S. 194, 201 (2001). Under *Pearson v. Callahan*, it is within the discretion of a district court which *Saucier* step to employ first; the court may examine the second step first in order to avoid constitutional holdings where a defendant will be free from liability due to qualified immunity in any case. 129 S. Ct. 808, 818 (2009).

Although the first cause of action in the FAC is entitled "Violations of the Fourth and Fourteenth Amendments . . . .," (*see* FAC 3:22), the first cause of action also alleges Eighth Amendment violations, (*see id.* ¶ 22). There is a an inadvertent error in subparagraph 22(b) of the FAC. (*See id.* ¶ 22(b) ("*Fourteenth* Amendment right to be free from cruel and unusual punishment as applied to the state through the Fourteenth Amendment, i.e. Defendants were deliberately indifferent . . . .") (emphasis added)). The emphasized word in the previous quotation should read "Eighth." Despite the inadvertent error, the substance of the FAC puts Defendants on fair notice of an Eighth Amendment deliberate indifference claim.

PHS is not implicated in the alleged Fourth Amendment violations, which occurred before decedent arrived at the jail. (*Id.* ¶ 11). For this reason, PHS moves to dismiss under Rule 12(b)(6) for failure to state a claim as to any Fourth Amendment violations by PHS. The Court grants the motion in this regard, because the FAC alleges illegal searches and seizures only against police officers. (*See id.*).

This is the only constitutional violation against which PHS argues in the present motion. (*See* Mot. Dismiss 4:8–5:3, ECF No. 29). Therefore, the first cause of action will not be dismissed en toto, because allegations of Eighth and Fourteenth Amendment violations remain against PHS and other Defendants. Plaintiff alleges that Defendants were deliberately indifferent

to decedent's medical needs in violation of the Eighth Amendment, as incorporated against the states by the Fourteenth Amendment, (*see id.* ¶ 22(b)), and that Defendants violated decedent's rights directly under the Fourteenth Amendment by placing her in a "position of peril," (*see id.* ¶ 22(c)). The latter claim is best characterized as a substantive due process claim. Although PHS does not move against the Eighth and Fourteenth Amendment claims, for the benefit of the parties the Court will delineate how it perceives the remaining claims.

### A.    Deliberate Indifference

"The Eighth Amendment is not a basis for broad prison reform. It requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982) (citations omitted). An institution's obligation under the Eighth Amendment ends when it furnishes inmates with adequate food, clothing, sanitation, medical care, and, most relevant in the present case, personal safety. *Id.*; *Wright v. Rushen*, 642 F.2d 1129, 1132–33 (9th Cir. 1981) (citations omitted).

"An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective." *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) (quoting *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995)). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." *Lopez*, 203 F.3d at 1133 (quoting *Allen*, 48 F.3d at 1087–88). Furthermore, a prisoner's § 1983 claim of an alleged Eighth Amendment violation requires an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351–52 (1996). Generally, "[a] prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was 'objectively, sufficiently serious;' and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place." *Morgan v.*

*Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  Mere negligence is insufficient to show deliberate indifference. *See Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

Here, the deliberate indifference violations alleged are: (1) failure to provide a safe sleeping area by assigning decedent to a top bunk without a ladder when it was known or should have been known that she was mentally impaired; and (2) failure to provide adequate medical care for foot and head injuries decedent sustained during her fall.

**B.    Substantive Due Process**

A § 1983 claim for a substantive due process violation may only be brought if no more specific constitutional provision, such as the Fourth or Eighth Amendment, applies to the alleged violation. *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997); *Graham v. Connor*, 490 U.S. 386, 394 (1989).  Because a deliberate indifference claim under the Eighth Amendment is implicated by the facts of this case, no direct Fourteenth Amendment claim for a substantive due process violation appears to lie.  Defendants have not moved against this claim in the present motion, however, so the Court will not dismiss it at this time.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 29) is GRANTED. Only the Eighth and Fourteenth Amendment claims under § 1983 remain against PHS, and only the Fourth, Eighth, and Fourteenth Amendment claims under § 1983 remain against the other Defendants.

DATED this 9th day of August, 2010.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE